UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHARLES CUNNINGHAM

SANDRA NICHOLAS


            Plaintiffs,

V.                                          CIVIL ACTION NO


CREDITOR RECOVERY C ORPOPRATION

Defendant.                                  MARCH 12, 2009

<u>COMPLAINT</u>

1. Plaintiffs seek relief pursuant to the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692; Md. Ann. Code <u>Commercial Law</u> Maryland
Consumer Debt Collection Act. § 14-204 et seq. ("MCDCA"); and the Md. Ann.
Code <u>Commercial Law</u> Consumer Practices Act § 13-301 et seq.

2. The Court's jurisdiction is conferred by 15 U.S.C.1692k and 28 U.S.C. 1331
and 1367.

3. Plaintiffs are natural persons and brother and sister who reside in Elkridge, Maryland.

4. Plaintiff Charles Cunningham is a consumer within the FDCPA.

5. Plaintiff Sandra Nicholas is a consumer within the FDCPA.

6. Defendant is a debt collector within the FDCPA.

7. Defendant is a collector within the MCDCA.

8. Defendant communicated with plaintiffs on or after one year before
the date of this action, in connection with collection efforts with regard to

Plaintiff Charles Cunningham's disputed personal debt.

9.  Defendant communicated with Plaintiff Cunningham numerous times in an attempted to collect a debt that he disputes.

10. Defendant called Plaintiff Cunningham's house on or about February 1, 2009 through February 20, 2009 and left voicemail messages with out identifying who they were and failed to leave a notice pursuant to §1692e (11).

11. Defendant communicated with Plaintiff Cunningham on or about February 20, 2009, speaking with him for the first time, concerning a Washington Mutual Account, which they were attempting to collect.

12. Defendant through a collection agent asked the Plaintiff Cunningham why he didn't return any of her calls in the past two (2) weeks.

13. Defendant through a collection agent asked the Plaintiff Cunningham the following questions:  his ex-wife's name, children's names, siblings names, where they lived, including there address and telephone number.  His employer, his salary and whether he owned his own home.

14. Plaintiff Cunningham advised the Defendant that he was getting upset and frustrated.  That he was going through a divorce and also suffered from Depression and could not handle the stress imposed upon him by the Defendant's agent.

15. Defendant advised the Plaintiff Cunningham to wait and she would get her Manager.

16.  Defendant then got two (2) Debt Collectors on the same line named Scott Davis and Craig Taylor.  They were advised by plaintiff that he wished to cease communications and that the calls and requests for information were very upsetting.

17.  Defendant's managing agents Scott Davis and Craig Taylor further questioned Plaintiff Cunningham and wanted to know his bank account numbers.  They also advised Plaintiff if he did not give them the bank account numbers they would take his house away and garnish his wages.

18.  Plaintiff Cunningham's alleged debt has not been reduced to Judgment.

19.  Defendant failed to provide the required notice pursuant to 1692e (11) in each and every communication with both Plaintiffs.

20.  Based upon information and belief, Defendant failed to report a known disputed debt to the Credit Reporting Agencies, despite being notified by Plaintiff Cunningham of his dispute in violation of §1692e (8).

21.  Defendant has inadequate procedures in place to avoid such error.

22.  Defendant called Plaintiff Nicholas on her cell phone on or about February 23, 2009 through February 26, 2009 multiple times a day.

23.  Defendant's agent Scott Davis called Plaintiff Nicholas at her place of employment, Howard County Health Department, February 26, 2009.

24.  Defendant called the Plaintiff Nicholas at her place of employment again February 27, 2009.  Defendant's agent Gloria Kipper lied to the operator stating that the Medical Director recommended that Gloria Kipper and

Plaintiff speak.  The operator paged Plaintiff Nicholas and Plaintiff spoke

with Defendant's agent Gloria Kipper, who attempted to collect her brothers

debt from her.

25.  In the collection efforts, the defendant violated the FDCPA; inter alia,

section 1692b, c, d, e, f, and g.

## SECOND COUNT

26. The allegations of the First Count are repeated and realleged as if fully set

forth herein.

27.  Within three years prior to the date of this action Defendant collection

agency has engaged in acts and practices as to plaintiff in violation of the Md. Ann.

Code Commercial Law Maryland Consumer Debt Collection Act § 14-204 et seq.

("MCDCA");

28.  Defendant a licensed collection agency has committed unfair or deceptive

acts or practices within the meaning of the Md. Ann. Code Commercial Law

Consumer Practices Act § 13-301 et seq.

29.  Plaintiff Cunningham has suffered emotional distress as a result of the

Defendants collection actions.

**WHEREFORE Plaintiffs respectfully requests this Court to:**

1. Award plaintiffs Statutory damages pursuant to the Fair Debt Collection

Practices Act 15 U.S.C. §1692 et seq.;

2. Award Plaintiffs Statutory damages pursuant to Maryland Consumer Debt

Collection Act § 14-204 et seq;

3. Award Plaintiff Statutory damages pursuant to the Md. Ann. Code Commercial

Law Consumer Practices Act § 13-301 et seq;

4. Award the Plaintiffs costs of suit and a reasonable attorney's fee;

5. Award and such other and further relief as this Court may provide.

<div style="margin-left:50%">

THE PLAINTIFF

 BY/S/Bernard T. Kennedy
Bernard T. Kennedy, Esquire
The Kennedy Law Firm
P.O. Box 657
Edgewater, MD 21037
Ph   (443) 607-8901
Fax (443) 607-8903
Fed. Bar # Md26843
bernardtkennedy@yahoo.com

</div>